UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 22 Cr. 215 (JSR)

SUNI MUNSHANI and
SURESH MUNSHANI,

Defendants.

------------------------------x

New York, N.Y.
May 3, 2022
11:15 a.m.

Before:

HON. JED S. RAKOFF

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
TIMOTHY CAPOZZI
Assistant United States Attorney

SAMIDH GUHA
Attorney for Defendant Suni Munshani

LANCE A. CLARKE
Attorney for Defendant Suresh Munshani

(In open court; case called)

THE DEPUTY CLERK: Will everyone please be seated and will the parties please identify themselves for the record.

MR. CAPOZZI: Good morning, your Honor. Timothy Capozzi for the United States.

MR. GUHA: Good morning, your Honor. Samidh Guha on behalf of Suni Munshani, and Mr. Munshani is standing next to me.

MR. CLARKE: Good morning, your Honor. Lance Clarke on behalf of Mr. Suresh Munshani, who is to the right of me.

THE COURT: Please be seated.

So, let me first find out from counsel for each of the defendants whether they have gone over the indictment with their clients and whether they wish to have the indictment read again here in open court or whether they waive the indictment.

MR. GUHA: Your Honor, I had the opportunity to review the indictment with my client, and we waive its public reading at this time.

THE COURT: Would you like a plea of not guilty entered at this time?

MR. GUHA: Yes, your Honor.

THE COURT: A plea of not guilty will be entered.

MR. CLARKE: We have reviewed the indictment with our client and waive its reading at this time.

THE COURT: Would you like a plea of not guilty

entered at this time?

MR. CLARKE: Yes, your Honor.

THE COURT: A plea of not guilty will be entered.

How long does the government want for completion of discovery?

MR. CAPOZZI: The government has begun discovery and the government would request 60 days to complete discovery.

THE COURT: 60 days?

MR. CAPOZZI: The bulk of the material --

THE COURT: I have never granted 60 days for discovery yet in 26 years, and I am not about to do so today. Normally it takes two weeks. Why does it take so much longer?

MR. CAPOZZI: I expect all but one category of discovery to be complete within two weeks. The one category being the defendants' phones were seized on the date of their arrest. The extractions are in process. We anticipate the need for an intermediate step where a privilege filter will be performed to remove any potentially attorney-client privilege communications and then those device contents will be reviewed.

THE COURT: So let me understand this. You brought down the indictment and you knew that under the Speedy Trial Act the norm is 70 days to trial. So you propose to try the case ten days after you complete discovery?

MR. CAPOZZI: Your Honor, the government indicted the case with evidence sufficient to take the case to trial. The

government has obtained this additional potential evidence which it is reviewing.

THE COURT: I don't think 60 days is remotely in compliance with the spirit of the Speedy Trial Act.

Now, you have a choice. Either you can complete discovery in 30 days, which is double what I normally give, or you can dismiss the indictment. Which of those choices would you like?

MR. CAPOZZI: 30 days.

THE COURT: Very good. That will not be extended.

MR. CAPOZZI: Understood, your Honor.

THE COURT: So let me find a calendar.

Today is May 3. So that would be June 2.

How long after that do defense counsel want for the making of any motions? And please don't waste my time by saying 60 days.

MR. GUHA: Without having seen the discovery, would 30 days be sufficient?

THE COURT: I'm sorry?

MR. GUHA: Would 30 days be sufficient?

THE COURT: 30 days will be acceptable.

MR. CLARKE: That's fine with counsel, your Honor.

THE COURT: Very good. So that would be, let's say Friday, July 1, so we don't ruin your weekend.

So we will have a further conference, let's look at

Wednesday, July 6.

THE DEPUTY CLERK: You are sitting on the Ninth Circuit by designation.

THE COURT: So I am back on the 11th?

THE DEPUTY CLERK: Yes, sir.

THE COURT: What about July 11?

THE DEPUTY CLERK: You have a 4:00 and that's it.

THE COURT: So 11:00 a.m. on July 11.

At that time, if motions have been made that can be dealt with orally, they will be. And if there are any motions that have been made that require a written response, we will convene a conference call beforehand and set a date for the written response. And in any event, we will set the trial date at that time.

Counsel should contemplate that this trial will occur in the fall. We will see the exact date after we get together again, but don't be under any illusion that it's going to go into 2023. It's not.

So pursuant to Section 3161 of Title 18, I will exclude from calculations under the Speedy Trial Act all time between now and July 11, finding such time is necessary to complete discovery and to draft motions, and that for those and other reasons apparent from this transcript, the best interests of justice in excluding such time substantially outweighs the interest of the defendants and public in a speedy trial.

Anything else we need to take up today?

MR. CAPOZZI: Your Honor, I handed up to your deputy a proposed protective order that the parties have all signed, which we would respectfully request that the Court enter.

THE COURT: Let me take a look.

That appears fine. I have signed it. I will give it to my courtroom deputy to docket.

Anything else we need to take up today?

MR. CAPOZZI: Not from the government.

MR. GUHA: No, your Honor. Thank you.

MR. CLARKE: No, your Honor. Thank you.

(Adjourned)