```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
                                   :
 UNITED STATES OF AMERICA          :
                                   :      SUPERSEDING INDICTMENT
           - v. -                  :
                                   :      S2 22 Cr. 215 (JSR)
 SURESH MUNSHANI,                  :
                                   :
                       Defendant.  :
                                   :
- - - - - - - - - - - - - - - - - X
```

## COUNT ONE

**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

### THE VICTIM COMPANY

1. At all times relevant to this Indictment, the Victim Company was a technology company headquartered in Stamford, Connecticut, which provided data security solutions to its clients.

### OVERVIEW OF THE FRAUDULENT SCHEME

2. Between in or about 2011 and in or about 2018, in the Southern District of New York and elsewhere, SURESH MUNSHANI, the defendant, and his brother, Suni Munshani, who was the Chief Executive Officer of the Victim Company, and others, known and unknown (collectively, the "Conspirators"), carried out a scheme to defraud the Victim Company of money and then funnel that money through bank accounts controlled by the Conspirators. To

accomplish their scheme, the Conspirators caused the Victim Company to make payments: (a) to a purported third-party contractor ("Individual-1") that provided no services to the Victim Company; and (b) for a purported tax liability of the Victim Company, which payments were deposited into bank accounts controlled by the Conspirators.

### THE FRAUDULENT NEGOTIATIONS WITH INDIVIDUAL-1

3. In or about October 2011, the Victim Company entered into an agreement with Individual-1 pursuant to which Individual-1 would, among other things, assist the Victim Company with "development of business partner relationships" (the "Individual-1 Agreement"). Suni Munshani claimed to have negotiated the Individual-1 Agreement on behalf of the Victim Company, and under the agreement, Individual-1 would report directly to Suni Munshani.

4. In or about October 2014, Suni Munshani also claimed to have negotiated on behalf of the Victim Company an agreement with a company purportedly controlled by Individual-1, which was generally referred to as "CLB Associates" or "CBL Associates" (the "Individual-1 Company"). Pursuant to the agreement (the "Individual-1 Company Agreement"), the Individual-1 Company would perform "software development and software testing" for the Victim Company.

2

5. In purportedly negotiating the Individual-1 Agreement and the Individual-1 Company Agreement, and thereafter purportedly communicating with Individual-1 concerning, among other things, services purportedly rendered by Individual-1 and the Individual-1 Company, Suni Munshani used his Victim Company email account to communicate with an email account with an address containing the name of Individual-1 (the "Individual-1 Email Account") but in fact created and controlled by Suni Munshani.

### THE FRAUDULENT PAYMENTS TO INDIVIDUAL-1

6. Neither Individual-1 nor the Individual-1 Company provided any services to the Victim Company. Nevertheless, Suni Munshani caused the Victim Company to pay Individual-1 and the Individual-1 Company a combined amount of approximately $3 million during the scheme. Most of these funds were deposited into bank accounts created and controlled by Suni Munshani and SURESH MUNSHANI, the defendant.

7. For example, between in or about March 2015 and in or about September 2018, Suni Munshani caused the Victim Company to issue at least four checks to the Individual-1 Company that were deposited into a bank account opened and controlled by SURESH MUNSHANI, the defendant, in Ontario, Canada (the "Suresh Munshani Account"). Before the first such deposit, SURESH MUNSHANI added the name of the Individual-1 Company to the Suresh Munshani

Account, which account he had opened several years earlier in the name of another company.

8. After the Victim Company's funds were deposited into the Suresh Munshani Account, SURESH MUNSHANI, the defendant, typically kept a portion of the proceeds for himself and transferred most of the funds to a bank account controlled by Suni Munshani. For example, in or about fall 2018, SURESH MUNSHANI kept $6,000 of a $30,000 check issued by the Victim Company to the Individual-1 Company and transferred $24,000 for the benefit of Suni Munshani. More specifically:

   a. On or about September 13, 2018, the Victim Company issued a check for approximately $30,000 to the Individual-1 Company, which check was deposited into the Suresh Munshani Account.

   b. On or about October 9, 2018, Suni Munshani, using a personal email account, emailed a personal email account of SURESH MUNSHANI, stating, in substance and in part, "Made it 24K instead of 25.5 - this gives you an extra 1.5K - book your ticket. Best." On the same date, the Suresh Munshani Account wired $24,000 to a bank account controlled by Suni Munshani.

4

**THE EMBEZZLEMENT OF A PURPORTED $3.5 MILLION TAX PAYMENT**

9. In furtherance of the scheme, Suni Munshani, with the assistance of SURESH MUNSHANI, the defendant, stole an additional $3.5 million from the Victim Company, which amount Suni Munshani claimed was used to pay a tax liability of the Victim Company, but in fact was used to enrich Suni Munshani and SURESH MUNSHANI.

10. Thus, in or about May 2015, Suni Munshani claimed that the Victim Company had a $3.5 million tax liability and signed a handwritten check from the Victim Company to the Internal Revenue Service for that amount. This handwritten check was never negotiated. Around the same time, Suni Munshani caused the Victim Company to issue a $3.5 million check to the Victim Company for the purported liability (the "Typed Check"). Suni Munshani signed the Typed Check on behalf of the Victim Company.

11. On or about the same day that Suni Munshani caused the Victim Company to issue the Typed Check, Suni Munshani opened an unauthorized bank account in the name of the Victim Company (the "Unauthorized Victim Company Account").

12. On or about the same day, Suni Munshani deposited the Typed Check into the Unauthorized Victim Company Account. Thereafter, Suni Munshani transferred the stolen money to other

bank accounts controlled by Suni Munshani and SURESH MUNSHANI, the defendant. For example:

    a. On or about August 24, 2015, Suni Munshani transferred $300,000 from the Unauthorized Victim Company Account to the Suresh Munshani Account. On or about the next day, the Suresh Munshani Account wired approximately $274,990 to a bank account controlled by Suni Munshani.

    b. On or about September 8, 2015, approximately $3 million was transferred directly from the Unauthorized Victim Company Account to a personal bank account of Suni Munshani.

## STATUTORY ALLEGATIONS

13. From at least in or about 2011, up to and including at least in or about 2018, in the Southern District of New York and elsewhere, SURESH MUNSHANI, the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

14. It was a part and object of the conspiracy that SURESH MUNSHANI, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises,

6

would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SURESH MUNSHANI and others carried out a scheme (the "Wire Fraud Scheme") to defraud the Victim Company and to funnel the stolen funds through bank accounts controlled by the SURESH MUNSHANI and others.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

15. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

16. From at least in or about 2011, up to and including at least in or about 2018, in the Southern District of New York and elsewhere, SURESH MUNSHANI, the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

17. It was a part and an object of the conspiracy that

SURESH MUNSHANI, the defendant, and others known and unknown, in an offense in and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, the Wire Fraud Scheme alleged in Count One of this Indictment, knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

18. It was a further part and an object of the conspiracy that SURESH MUNSHANI, the defendant, and others known and unknown, within the United States, would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, to wit, the Wire Fraud Scheme alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h).)

### FORFEITURE ALLEGATIONS

19. As a result of committing the wire fraud offense

charged in Count One of this Indictment, SURESH MUNSHANI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

20. As a result of committing the money laundering offense charged in Count Two of this Indictment, SURESH MUNSHANI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
     Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

_____  _____
FOREPERSON            DAMIAN WILLIAMS
                    United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SURESH MUNSHANI,

Defendant.

### SUPERSEDING INDICTMENT

S2 22 Cr. 215 (JSR)

(18 U.S.C. §§ 1349 and 1956(h).)

DAMIAN WILLIAMS
United States Attorney.

**A TRUE BILL**

Foreperson.

12/29/22
(CA)

SuperseDING INDICTMENT FileD

KH PARKER
USMJ

11