UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :    22-cr-00215 (JSR)
        -v-                         :
                                    :        MEMORANDUM
SURESH MUNSHANI,                    :
                                    :
        Defendant.                  :
                                    :
----------------------------------x

JED S. RAKOFF, U.S.D.J.

On July 14, 2023, defendant, Suresh Munshani, submitted an application for bail pending appeal. See Def. Mot. for Bail Pending Appeal ("Def. Mot."), Dkt No. 92. After considering the parties' briefing, the Court denied bail pending appeal by "bottom-line order" dated July 21, 2023. This Memorandum sets forth the reasons for the Court's bottom-line order.

To obtain bail pending appeal, the defendant must show:

(1) he [i]s not likely to flee or pose a danger to the community; (2) his appeal [i]s not for the purpose of delay; (3) his appeal raise[s] a substantial questions of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence less than the total of the time already served plus the expected duration of the appeal process; and (4) there [a]re 'exceptional circumstances' warranting release.

United States v. Zillgitt, 286 F.3d 128, 132-33 (2d Cir. 2002).[1]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

Here, the dispute centers on the third prong: whether defendant's "appeal . . . raises substantial questions of law or fact likely to result in reversal [or] an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). The Second Circuit has explained, "a substantial question is one of more substance than would be necessary to finding that it was not frivolous. It is a close question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985). If a question is substantial, then the Court "must . . . consider whether the question is so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Id.

Defendant seeks to raise five arguments on appeal: (1) there was insufficient evidence adduced at trial to sustain his convictions beyond a reasonable doubt; (2) the Court erroneously did not give a "multiple conspiracies" instruction to the jury; (3) the Court improperly excluded his co-defendant's guilty plea allocution; (4) there was a "merger problem" with the wire fraud and money laundering convictions; and (5) the prosecution's rebuttal made improper arguments and comments. The Court addresses each argument in turn, finding that none raises a substantial question likely to result in a new trial or reversal on appeal.

1. <u>Sufficiency of the Evidence</u>

Defendant seeks to argue on appeal that there was insufficient evidence to convict him on the two conspiracy counts of which he was convicted because there was no evidence of any other co-conspirator apart from him and the evidence of defendant's involvement in the conspiracy was, at best, thin, sporadic, and ad hoc. <u>See</u> Def. Mot. at 4-6.

The Court already rejected the argument that there was insufficient evidence on the conspiracy counts at the Rule 29 stage. <u>See</u> 2/13/23 Trial Tr. at 492:10-20, 535:13-14. Nothing has changed since then. The record included time-stamped email exchanges, travel records, bank records, cell phone location data, and text messages that showed defendant knowingly and intentionally entered into an agreement to commit wire fraud and money laundering. As the Government details in its brief on this motion, there was more than sufficient evidence on which a reasonable jury could convict defendant of the conspiracy counts. <u>See</u> Gov't Opp. to Mot. for Bail Pending Appeal at 3-7, Dkt. No. 93. The nature and amount of evidence in the record renders this not a close question on appeal.

Further, regardless of whether it is a close question, it is a challenge that is unlikely to result in a reversal or a new trial. "A defendant challenging the sufficiency of the evidence bears a heavy burden." <u>United States v. Wilson</u>, 503 F.3d 195, 197 (2d Cir.

3

2007). The Second Circuit will "sustain the jury's verdict if, crediting every inference that could be drawn in the government's favor and viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Raniere</u>, 55 F.4th 354, 364 (2d Cir. 2022). The defendant will only be acquitted "if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." <u>Id.</u>

A rational jury could, and did, draw inferences from the evidence in the record to conclude that defendant knowingly, unlawfully, and intentionally entered into a conspiracy to commit wire fraud and money laundering, by receiving, from his brother, money, that was stolen from Protegrity, in a TD Bank Account for CBL Associates, that he controlled, and then sending that tainted money (minus his cut) back to his brother to conceal its criminal origins. Defendant is thus unlikely to meet the heavy burden that is required for a reversal or new trial on appeal on this issue.

### 2. Exclusion of Guilty Plea Allocution

Next, defendant contends that it was error for the Court to exclude his co-defendant Suni Munshani's plea allocution because it qualifies as a statement against penal interest, and given that his co-defendant identified only one co-conspirator, Jayant Ramchandani, in that plea, it was non-harmless error to exclude

it. The Government counters that the plea allocution was properly excluded as hearsay and as unfairly prejudicial. And regardless, the Government argues that the exclusion was harmless error because a press release was admitted that contained the same information as the portions of the plea allocution that would have been admissible under Federal Rule of Evidence 804(b)(3).

Under Federal Rule of Evidence 804(b)(3), statements against penal interest are admissible. A statement is considered against penal interest when "a reasonable person in the declarant's shoes would perceive the statement as detrimental to his or her own penal interest." United States v. Miller, 954 F.3d 551, 563 (2d Cir. 2020). The Court must make this assessment on a statement-by-statement basis. See Williamson v. United States, 512 U.S. 594, 599-602 (1994).

Only a select portion of the plea allocution is even arguably self-inculpatory. The majority of the allocution is preliminary questions from the Court and answers to those preliminary questions from Suni Munshani. See 12/9/22 Sentencing of Suni Munshani Hr'g Tr. at 2:1-15:14, Dkt No. 34 ("12/9/22 Sentencing Tr."). The real dispute thus centers on Suni Munshani's description of the conduct that made him guilty of conspiracy to commit wire fraud. See id. at 15:15-17:17. In particular, defendant asserts it was non-harmless error to exclude the portion of that description that identifies Jayant Ramchandani as a co-conspirator and describes

Ramchandani's role in the conspiracy. See id. at 16:23-24, 17:1-2, 17:5-6.

But the identification and description of Ramchandani's role in the conspiracy is not self-inculpatory because it does not describe Suni Munshani's own criminal conduct. See, e.g., United States v. Tropeano, 252 F.3d 653, 658-59 (2d Cir. 2001) ("The answer to the follow-up question, 'whether the defendant conspired with one person or more than one person,' added nothing to [the defendant's] admission of his own guilt."). It was accordingly not erroneous to exclude this portion of the plea allocution. This does not come close to raising a substantial question.

To be sure, there are portions of Suni Munshani's description of his own criminal conduct that are self-inculpatory, such as the description of how he diverted funds to himself or how agreements benefited him improperly. See, e.g., 12/9/22 Sentencing Tr. at 15:16-16:10. But as the Government points out, even assuming arguendo that those portions of the plea allocution should have come into evidence, the error was harmless.

Evidentiary rulings are reviewed under a deferential abuse of discretion standard and "are subject to harmless error analysis" under Fed. R. Crim. P. 52(a). United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009); United States v. Aiyer, 33 F.4th 97, 123 (2d Cir. 2022). So, even if an evidentiary ruling is erroneous, it "is harmless if the appellate court can conclude with fair

assurance that the evidence did not substantially influence the jury." Mercado, 573 F.3d at 141. To determine if the exclusion of defense evidence was non-harmless error, the Second Circuit considers:

> (1) the importance of . . . unrebutted assertions to the government's case; (2) whether the excluded material was cumulative; (3) the presence or absence of evidence corroborating or contradicting the government's case on the factual questions at issue; (4) the extent to which the defendant was otherwise permitted to advance the defense; and (5) the overall strength of the prosecution's case.

> United States v. Gupta, 747 F.3d 111, 133-34 (2d Cir. 2014).

It is worth noting that defendant does not argue excluding Suni Munshani's description of his own criminal conduct was non-harmless error. Defendant's brief, instead, only argues that the exclusion of the information about his co-conspirator, Jayant Ramanchandi, is non-harmless error, which as discussed above, was plainly not self-inculpatory. And even if defendant were to argue that the exclusion of these portions of the plea allocution were non-harmless error, it would be unavailing. The Court originally excluded the plea allocution in its entirety unless the Government opened the door. See 2/8/23 Trial Tr. at 4:3-19. After the Government's opening, the Court found that the door was opened regarding evidence that Suni Munshani was convicted. See id. at 17:18-22; 2/13/23 Tr. at 503:15-504:8. As a result, defense counsel stated Suni Munshani was convicted in the opening statement, see 2/8/23 Trial Tr. at 18:17-18, entered into evidence a press release

detailing Suni Munshani's guilty plea and criminal conduct, <u>see</u> 2/13/23 Trial Tr. at 510:1-511:22, and brought up Suni Munshani's guilty plea in the closing argument, <u>see id.</u> at 597:7-12. Given that the defense was able to enter into evidence a press release that contained substantially the same information as the self-inculpatory parts of the plea allocution, even if the exclusion were error, it would be harmless.

In sum, the exclusion of the plea allocution does not raise a substantial question that is likely to result in reversal or a new trial on appeal.

### 3. "Multiple Conspiracies" Instruction

Defendant next argues that the Court erred by refusing to give a "multiple conspiracies" instruction. Once again, however, this does not raise a substantial question that is likely to result in a new trial or reversal.

The Second Circuit will only reverse based upon an erroneous jury trial instruction "if all of the instructions, taken as a whole, caused a defendant prejudice," with the defendant bearing the burden of showing such prejudice. <u>United States v. Gershman</u>, 31 F.4th 80, 99 (2d Cir. 2022). When the defendant's objection is that the "district court decline[d] to deliver a requested instruction," the conviction will only be overturned if the defendant can show that the "requested instruction is legally correct, represents a theory of defense with a basis in the record

that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." United States v. Kukushkin, 61 F.4th 327, 332 (2d Cir. 2023).

Under this standard, defendant's argument that the jury instructions erroneously excluded a "multiple conspiracies" instruction will fail. The Second Circuit has held there is no prejudice that results from failing to give a "multiple conspiracies" instruction in a single defendant case. See United States v. Corey, 566 F.2d 429, 431 n.3 (2d Cir. 1977). Accord United States v. Galtieri, No. 92-cv-2087, 1992 WL 245499, at *3 (S.D.N.Y. Sept. 17, 1992) ("A defendant who stands trial alone is not entitled to a charge on multiple conspiracies."). Therefore, as defendant stood trial alone, the argument that a "multiple conspiracies" instruction should have been given is highly unlikely to prevail on appeal and/or result in reversal or a new trial.

4. Merger

Next, relying heavily on United States v. Santos, 553 U.S. 507 (2008), defendant seeks to argue that the money laundering charge merged with the wire fraud charge because the transfers that are the basis of the money laundering charge are the same transfers that are intrinsic to the wire fraud charge. But once again, this argument suffers from fatal flaws.

For starters, Congress amended the money laundering statute and effectively overruled United States v. Santos. In Santos, a fractured Supreme Court held that the term "proceeds" in the money laundering statute means "profits" instead of "receipts" in certain cases, in part, based on a concern that reading "proceeds" to mean "receipts" would create a merger problem. See Santos, 553 U.S. at 514-19, 525-28; United States v. Quinones, 635 F.3d 590, 599-600 (2d Cir. 2011). However, Congress overruled the Supreme Court's decision when it amended the statute to clarify that "proceeds" includes "gross receipts." See Fraud Enforcement and Recovery Act of 2009, Pub. L. 111-21, § 2(f)(1), 123 Stat. 1617, 1618; 18 U.S.C. § 1956(c)(9); Hines v. Drew, 634 F. App'x 918, 922 n.1(4th Cir. 2015) ("Congress amended the money laundering statute in May 2009; that amendment effectively overruled Santos, defining proceeds to include "gross receipts."). Accordingly, defendant's reliance on United States v. Santos is misplaced.

Regardless of the continued validity of Santos, there is no merger problem. As the Government correctly points out, the predicate underlying offense for money laundering is wire fraud -- not conspiracy to commit wire fraud. See 18 U.S.C. § 1956(c)(7) (listing the offenses that qualify as "specified unlawful activity"); United States v. Ojedokun, 16 F.4th 1091, 1097 (4th Cir. 2021) (noting that committing wire fraud, in violation of 18 U.S.C. § 1343, is a "specified unlawful activity"; however,

"conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349"
is not). And, here, the underlying wire fraud was completed once
the funds were transferred from Protegrity to defendant's bank
account. It was defendant's agreement to commit an entirely
separate transaction -- that is, for defendant to wire the money
back to Suresh Munshani -- that is the basis of the money
laundering conspiracy. Further to the point, a wire fraud
conspiracy conviction does not actually require the commission of
any transactions, let alone specific transactions; it only
requires knowingly, intentionally, and unlawfully entering into an
agreement to commit wire fraud. Therefore, defendant's argument
that there are specific transactions intrinsic to the wire fraud
conspiracy conviction that entirely overlap with the transactions
that are the basis of the money laundering conspiracy makes little
sense. Defendant accordingly fails to raise a substantial question
related to merger.

    5. Prosecution's Rebuttal

    Defendant's final argument is that the prosecutors made
improper remarks in the rebuttal summation by raising a new and
inaccurate argument, improperly shifting the burden to defendant,
and implicitly commenting on defendant's choice not to testify.
First, defendant objects to the Government arguing on rebuttal
that the evidence "showed that Suresh travelled to Toronto and
removed the 'CBL Associates' doing-business-as name . . . from his

entity account," when in reality, according to defendant, the evidence showed no such thing. Def. Mot. at 15 (citing 2/13/23 Trial Tr. at 605). Second, defendant argues the following comment constituted improper burden-shifting: "There's no evidence in this case -- I haven't seen it -- there's no evidence in this case that Suni Munshani deceived Suresh Munshani. We haven't received any evidence of that." 2/13/23 Trial Tr. at 606:5-7. Third, defendant argues the following comment constituted improper burden-shifting and implicitly commented on defendant's choice not to testify: "[T]he defendant wants you to believe that he was kept in the dark by his co-conspirator, and that just like Protegrity, he was fooled over and over and over again, fooled by his brother into helping his brother steal and launder hundreds of thousands of dollars. Don't let the defendant fool you. Don't just take his lawyer's word for it that he's not guilty." Id. at 610:24-611:5.

"[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a heavy burden." United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011). "Inappropriate prosecutorial comments, standing alone, [do] not justify . . . revers[ing] a criminal conviction obtained in an otherwise fair proceeding." United States v. Thomas, 377 F.3d 232, 244 (2d Cir. 2004). The defendant must show both that the "comment was improper" and "that the comment, when viewed against the entire argument to the jury, and in the context of the entire trial, was

so severe and significant as to have substantially prejudiced him, depriving him of a fair trial." <u>Farhane</u>, 634 F.3d at 167. Three factors are used to "assess the degree of prejudice" -- (1) "the severity of the misconduct;" (2) "the measures adopted to cure the misconduct;" and (3) "the certainty of conviction absent the improper statements." <u>United States v. Russo</u>, 74 F.3d 1383, 1396 (2d Cir. 1996). And because defendant objected to none of the errors he seeks to raise on appeal, plain error review will apply, <u>United States v. Edwards</u>, 342 F.3d 168, 181 (2d Cir. 2003), and "flagrant abuse" must be shown to merit reversal, <u>United States v. Rivera</u>, 22 F.3d 430, 437 (2d Cir. 1994). Under this stringent standard, defendant has not raised a substantial question that is likely to result in a new trial or reversal.

First, the Government's argument on rebuttal that defendant removed "CBL Associates" from the TD Bank Account was not improper. When read in context, this argument was based on evidence that was already in the record, was fairly encompassed within the Government's argument on closing that defendant and his brother had a text conversation about needing to close an account in Canada (i.e., the TD Bank account), <u>see</u> 2/13/23 Trial Tr. at 574:20-576:4, and was responsive to the defense's argument on closing that the TD Bank Account was not closed, <u>see</u> <u>id.</u> at 592:19-593:20. The fact that, as developed at sentencing, it might have been an inaccurate extrapolation from the evidence in the record does not

render it improper, as based on the face of the documents
themselves, it was a reasonable argument, and defendant's later
evidence showing it was untrue was not entered into evidence until
sentencing. See Ex. A-B, Dkt. No. 92; Def. Mot. at 16.

Moreover, even if this argument were improper on rebuttal, it
was harmless. It was one isolated argument amongst many other
proper arguments, based on a plethora of evidence, that defendant
knowingly and intentionally participated in a conspiracy to commit
wire fraud and money laundering. Furthermore, the Court instructed
the jury that counsel's closing statements are not evidence. See
2/13/23 Trial Tr. at 555:7-12; 2/14/23 Trial Tr. 623:16-18. United
States v. Faisal, 282 F. App'x 849, 851 (2d Cir. 2008)
(considering, as part of the prejudice analysis, that the court
"properly instructed the jury that the parties' summations were
not evidence"). There was no prejudice.

Second, the comments that defendant alleges improperly
shifted the burden, read in context, were not improper. Commenting
on a lack of evidence that Suni Munshani deceived defendant or
stating that it was unbelievable that defendant was fooled did not
shift any burden to defendant; rather, read in context, these are
simply permissible comments on the part of the prosecutor to
highlight the weakness of defendant's position. Furthermore, even
if these comments could conceivably be perceived as shifting the
burden to defendant (which they cannot), the Government reiterated

that only the Government has the burden. See 2/13/23 Trial Tr. at 601:9-14, 610:12-17. See also United States v. Slaughter, 248 F. App'x 210, 213 (2d Cir. 2007) (reasoning, in response to an argument "that the prosecutor's comments during rebuttal summation inappropriately shifted the burden of persuasion," that there was no basis for vacatur because "[t]he prosecutor consistently reminded the jury that the burden of persuasion remains with the government"). Thus, these comments are not sufficiently prejudicial (if at all) to merit reversal.

Finally, the prosecutor's statement that the jury should not take the lawyer's word that defendant was deceived did not implicitly comment on defendant's failure to testify. It is more naturally read as commenting on the fact that defense counsel's argument had no basis in the record. See Farhane, 634 F.3d at 167 (With respect to rebuttals, "courts will not lightly infer that every remark is intended to carry its most dangerous meaning."). It was thus not improper.

In sum, defendant's arguments about statements made on rebuttal do not raise substantial questions likely to result in reversal or a new trial on appeal.

For the foregoing reasons, the Court issued its order of July 21, 2023, denying bail pending appeal.

Dated:      New York, NY
            August 21, 2023              JED S. RAKOFF, U.S.D.J.

15