UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SURESH MUNSHANI,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 26-cv-2399 (JSR) (RWL)<br>22-cr-215 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On August 24, 2026, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court deny the motion of petitioner Suresh Munshani pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and resulting sentence based upon a claim of ineffective assistance of counsel.[1] ECF No. 167. Munshani filed objections to the Report on September 7. 26-cv-2399, ECF No. 18. Accordingly, the Court

[1] In his § 2255 petition, Munshani also appeared to briefly raise an independent due process challenge to his conviction under Napue v. Illinois, 360 U.S. 264 (1959) and Giglio v. United States, 405 U.S. 150 (1972). See ECF No. 157, at 24-25. In his reply to the Government's opposition, Munshani stated that he "preserves, but does not press independently, the due process claim." ECF No. 166, at 16. The Report therefore determined that Munshani "withdrew his independent due process claim" and analyzed his motion as one based on ineffective assistance of counsel. ECF No. 167, at 11. In his objections to the Report, Munshani asks the Court to clarify that he has not abandoned his due process claim. 26-cv-2399, ECF No. 18, at 11. Nevertheless, in his objections, Munshani does not offer any substantive argument in support of his due process claim. While Munshani has, in substance, abandoned his Napue/Giglio claim, for the avoidance of doubt, the Court concludes that he has not established an independent due process claim as a basis for his § 2255 motion.

has reviewed the underlying motion and considered Munshani's objections de novo.

Upon due consideration, the Court finds itself in total agreement with the Report and hereby adopts its reasoning by reference. Munshani has failed to satisfy the requirements for establishing ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984); see also supra note 1 (discussing Munshani's due process argument). Thus, the Court denies Munshani's motion pursuant to § 2255 with prejudice. Because the Court concludes that Munshani has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Clerk of Court is directed to close the civil case and close the entries at docket numbers 157 and 167 on the docket of the criminal case.

SO ORDERED.

Dated: New York, NY
November 2, 2026

JED S. RAKOFF, U.S.D.J.